# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA

RECEIVED
SEP 0 7 2012
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

Calvin Hammock on
behalf of minor child **N.H.**
1911 Valley Drive
Davenport, Iowa 52806

       Plaintiff/Petitioner
               Pro se

**COMPLAINT
with JURY Demand**

vs.

Abbott Laboratories Inc
100 Abbott Park Road
Abbott Park, Illinois  60064-3500

## I. Nature of Proceeding

This is a civil rights action brought under 42 U.S.C. § 1983, 42 U.S.C.

1985 (3) to vindicate Plaintiff/Petitioner minor child N.H. right to equal

protection to the laws as stated in the Fourteenth Amendment to the United

States Constitution and Iowa Constitution Article I § 6 to be free from negligence, gross negligence, and willful misconduct by Abbott Laboratories contaminated Similac product. This civil rights action is to vindicate Plaintiff/Petitioner minor child N.H. right to be free from cruel and unusual punishment of the Eighth Amendment to the United States Constitution and Iowa Constitution Article 1 § 17 in Abbott Laboratory's deliberate indifference to the health, safety and well being to Plaintiff/Petitioner minor child N.H.  The Plaintiff/Petitioner and Parents seek relief in the form of punitive damages, compensatory damages, and other relief as determined by a jury.

## II. Jurisdiction and Venue

Jurisdiction of this matter is predicated on Title 28 USC § 1331, 28 U.S.C. 1343, 28 U.S.C. § 95, 28 U.S.C. § 1391, which provide original jurisdiction to federal district courts in civil actions arising under the U.S. Constitution, and civil rights statutes. This Court has authority under 42

U.S.C. § 1988 to award attorney fees to successful civil rights Plaintiff/ Petitioners.

## III. Parties

1. Calvin Hammock is filing this Federal Complaint on behalf of his minor child N.H. (hereinafter referred to as Plaintiff) . N.H. is a natural born American citizen of the state of Iowa county of Scott, city of Davenport .

2. Defendant Abbott Laboratories Inc. and any other Abbott entity connected with the production, sale, manufacturing, marketing, distribution etc. of the Similac consumer product is the party named in the complaint (hereinafter named Defendant) and the party(s) responsible for Plaintiff becoming ill from consuming contaminated Similac consumer product.

## IV. Statement of Facts

**3.** From September 7, 2010 until September 14, 2010 Plaintiff suffered diarrhea 3 times a day, vomiting 1-2 times a day, abnormal coughing, abnormal crying, refusal to sleep, not urinating regularly, and overall signs of suffering from her normal usual playful self. From September 14 to September 23, 2010 Plaintiff still experienced the symptoms listed above. From September 24 to October 6, 2010 the symptoms slowly decreased as Plaintiff's parents were no longer giving Plaintiff Similac.

**4.** Plaintiff continued to suffer the above related symptoms stated in # 3 at various stages up until several days after October 6, 2010

**5.** On September 14, 2010 Plaintiffs parents took Plaintiff to her pediatrician Dr. Kumar (see progress notes Exhibit A) where Dr. Kumars assessment was that Plaintiff had something Viral.

**6.** Dr. Kumar prescription was for Plaintiff to drink clear fluids for 3 days, Pedialyte plus 1 bottle of formula per day.

**7.** Plaintiffs formula was Similac Advance Early Shield since she was an infant.

8. Plaintiff's parents gave N.H. the prescribed dosages as stated by Dr. Kumar

9. On September 16, 2010 Abbott states according to cbs news interview that it noticed beetles in one part of its factory in Sturgis, Michigan. and began an investigation on September 18, &19, 2010 testing the formula coming off the production line for beetle parts and larvae.

10. On September 22, or 23, 2010 Plaintiffs parents were watching cbs news and there was announced a recall of the Similac baby formula taking place and consumers were to check the number on the cans to determine if consumers possessed the cans. And there were specific symptoms that the children would have if they ingested the contaminated similac. The symptoms were diarrhea, vomiting, restlessness, sleeplessness etc, primarily a gastro intestinal infection.

11. Plaintiff's parents then checked the remaining cans left and in fact Plaintiff's parents possessed a remaining recalled lot numbered can (see exhibit C).

**12.** Plaintiff has receipts of similac cans bought through the Iowa department of Public Health (see exhibit B).

**13.** After seeing the recall announcement on CBS, Plaintiff's parents were in shock knowing that their minor child in all likelihood ingested beetle parts and/or larvae and do not know the long term consequences for ingesting said beetle parts and larvae. Nor do Plaintiff's parents know if that was the only form of contamination that their minor child N.H. ingested in the tainted Similac.

**14.** Plaintiff's parents immediately stopped using the similac and the next day or sometime shortly thereafter made an appointment to see Plaintiff's pediatrician (see Exhibit A pg 2).

**15.** Defendants sold the Similac product without letting consumers know there were beetle parts and larvae in the Similac.

**16.** Defendants knew of said beetle parts and larvae existence in the Similac and waited several days before informing the public. This wait caused Plaintiff to suffer more injury from the time Abbott knew of Similac contamination.

**17.** Plaintiff's parents immediately ceased giving Plaintiff Similac and instead gave Plaintiff Pedialyte and Water. Plaintiff continued to show signs of diarrhea, vomiting, coughing and restlessness for the first week after the CBS news alert to similac however Plaintiff's symptoms continued to decrease after taking the Similac away from Plaintiff's diet and on October 6, 2010 Plaintiff saw her pediatrician Dr. Kumar whom noted the symptoms at that time.(See Exhibit A pg 2).

**18.** Plaintiff has only one can of the contaminated Similac left. Others were thrown out in the weekly garbage pick up before the information was made known to the public that Similac had possible beetle larvae and parts in them. However Plaintiff has all receipts as stated in number 12 (see exhibit B).

**19.** Plaintiff's parents do not understand the reason for the delay in making the information known to the public immediately as this action or inaction contributed to the prolonged symptoms that Plaintiff suffered.

**20.** Plaintiffs parents do not know the long term effects of beetle parts and larvae in an infant, particularly in regards to fertility and Plaintiff's reproductive system.

**21.** Plaintiff's parents upon summary search on internet learned information that some beetles and their larvae when ingested by an infant can produce infertility as well as problems with the reproductive system later on in a slow growth malignant way. Plaintiff's parents are not sure about the veracity of that information but it definitely raises concern.

**22.** Ultimately it appears that Plaintiff recovered from her pain and suffering as by November she was not having any of those symptoms, however Plaintiff's parents are not sure of the long term consequences associated with ingested beetle parts and their larvae mixed with the Similac formula.

**V. Claims**

Plaintiff has a right to equal protection of the laws to the U.S. Constitution as stated in the Fourteenth Amendment to the United States Constitution and Iowa Constitution Article I § 6 to be free from negligence, gross negligence and willful misconduct by Abbott Laboratories and subsidiary Similac product. Plaintiff ingested Similac product became sick, exhibited all the gastro intestinal symptoms that the FDA and Abbott claimed would result in the consumption of the Similac product. Plaintiff was taken to the Pediatrician prior to the announcement of said recall as documented. However Abbott Similac's delay of 7 days of immediately informing the public caused Plaintiff to suffer more harm with symptons as stated above and was even prescribed by pediatrician Dr. Kumar to take 1 bottle of formula a day with pedialyte when in fact it appears to be the formula that was causing the problems in the first place. Defendants knew or should have known the delay of announcing the beetle parts and larvae if ingested would cause more undue unnecessary harm by delaying the release of informing the public of said contamination.

Plaintiff has a right to be free from cruel and unusual punishment as to the Eighth Amendment to the U. S. Constitution and Iowa Constitution Article I § 17 . Defendants knew of and disregarded for 7 days the risk of gastro intestinal health and safety when finding beetle parts and larvae were in the Similac products sold to Plaintiff as a memeber of the public for consumption. Defendants knew or should have known the contaminated Similac for infants would cause injury if ingested.

## VI.   Relief Sought

WHEREFORE   Plaintiff prays for:

**A.** Relief in the form of punitive damages in an amount not less than $10,000 for the pain and suffering Plaintiff experienced by ingesting contaminated Similac.

**B.** Relief in the form of compensatory damages in an amount not less than $10,000 for the pain and suffering Plaintiff experienced by ingesting contaminated Similac.

**C.** Relief in the form of nominal damages awarded to Plaintiff for the pain and suffering Plaintiff experienced by ingesting contaminated Similac.

**D.** Judgement against Defendants awarding Plaintiff reasonable attorney fees, litigation expenses, and the cost of this action as provided by 42 U.S.C.§ 1988 and any other applicable authority.

## VII. Demand for Jury Trial

Plaintiff respectfully requests a jury trial.

I Calvin Hammock am the parent and filing this Federal Complaint on behalf of Plaintiff minor child N.H. and I swear under the penalty of perjury that I believe the aforementioned events described in this complaint to be true to the best of my knowledge.

Subscribed and sworn to before me this ___7___ of _September_ 2012

Notary Public

*[signature]*
7-28-2014

OFFICIAL SEAL
JADE WARD
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-28-2014

Respectfully Submitted

*[signature]*

Calvin Hammock

1911 Valley Drive

Davenport, Iowa 52806

12